

555 California Street
12th Floor
San Francisco, CA 94104

415.875.2300
Fenwick.com

Laurence F. Pulgram
lpulgram@fenwick.com | 415.875.2390

July 30, 2025

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

**Re:** *Notice of Supplemental Authority In re Georgia Senate Bill 202,* **Nos. 23-13085 and 23-13095**

Dear Mr. Smith:

Plaintiffs-Appellees-Cross-Appellants submit this notice of the ruling by a motions panel of this Court in *Florida Immigrant Coalition v. Attorney General,* No. 25-11469 2025 WL 1625385 (June 6, 2025) (attached). The ruling undermines Appellants' claims that state officers have standing to appeal an order addressed to local officials over whom they profess to lack authority or control.

In *Florida Immigrant Coalition,* Florida's Attorney General sought a stay of a district court's order enjoining all law enforcement officials in the state from enforcing two immigration-related crimes recently created by the Florida legislature on the grounds they violated the United States constitution. *Id.* at 1. Alternatively, the Attorney General requested a partial stay of the injunction "insofar as it extend[ed] to [other, non-party] law-enforcement officials." *Id.* at 4. In support of a partial stay, the Attorney General asserted that the enjoined non-parties "are totally separate entities over which he has no meaningful control; they have different sources of authority in state law; and they have separate functions under Florida law." *Id.* at 5. This Court denied any stay on the grounds that the Attorney General had not demonstrated a strong likelihood of prevailing, stating:

> "If [these assertions of lack of control are] …true, then we doubt that the Attorney General has Article III standing to appeal the portion of the district court's order enjoining other state law-enforcement officials. . . . The problem for the Attorney General is that, on his own theory, he is *not* aggrieved by the

portion of the district court's order enjoining non-party law-enforcement officials. Instead, it is those (separate) law-enforcement officials who are aggrieved—and the Attorney General, having effectively disavowed any relationship to them, is (apparently) seeking to vindicate *their* rights and mitigate *their* injuries." *Id.*

This Court's doubt of a statewide official's Article III standing to appeal an order enjoining non-appealing local officials—while he simultaneously disclaimed any meaningful control over them—supports the jurisdictional arguments of Plaintiffs-Appellees-Cross-Appellants herein.[1]

Sincerely,

FENWICK & WEST LLP

*s/ Laurence F. Pulgram*

Laurence F. Pulgram

LFP:dw

---

[1] Dkt. 70 at 1, 4-6, 8-10, 12-13; Dkt. 98 at 1-2; Dkt. 147 at 5-8, 20, 24; Dkt. 173 at 2, 5, 20-22.